Arndt v. Arndt.

---

No. 21,042.

E. N. ARNDT et al., *Appellees*, v. ED ARNDT et al., *Appellees* (ESTELLA EMMA ARNDT - GRIFFITH, Interpleader, *Appellant*).

SYLLABUS BY THE COURT.

1. ILLEGITIMATE CHILD — *Recognition by Father — Question of Fact.* Whether an illegitimate daughter has been so recognized as such by her father as to constitute a general and notorious recognition of that relation is a question of fact. (*McLean v. McLean*, 92 Kan. 326, 140 Pac. 847.)

2. SAME—*Evidence—Findings.* In this case it is held that it was not error for the trial court upon the evidence to find that the deceased did not in his lifetime recognize the appellant as his child, either in writing or by general notorious recognition as provided by section 3845 of the General Statutes of 1915.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed October 6, 1917. Affirmed.

*R. B. Smith,* and *C. M. Brobst,* both of Chanute, for the appellant.

*P. C. Young,* of Fredonia, for the appellees.

The opinion of the court was delivered by

PORTER, J.: S. T. Arndt died intestate in Wilson county in April, 1915, the owner of a quarter section of land in that county. He left surviving him three brothers and a number of nephews and nieces, all nonresidents. This action in partition was brought for the purpose of dividing the land between the heirs. While it was pending the appellant, Estella Emma Arndt-Griffith, filed her intervening petition, alleging that she is a married woman living in Colorado, and that before her marriage her name was Estella Emma Arndt; that she is a child and daughter of S. T. Arndt, the deceased, and was born near Cisco, Ill., in 1880, and that the deceased recognized her as his child; that the recognition was general and notorious and made to persons then living in Wilson county, Kansas, and to various persons living in and near Cisco, Ill.; that his acknowledgment that she was his child was so notorious that it became a matter of common knowledge in the community where he resided; and that it was generally understood by people living there that she was his daughter. Issues were joined and the cause was submitted to the court. Upon the issues raised by the intervening petition the court found in favor of the defendants on the express ground that the deceased, S. T. Arndt, did not in his lifetime recognize the appellant as his child either in writing or by general notorious recognition as provided by section 3845 of the General Statutes of 1915.

This is purely a fact case. There was overwhelming testimony produced by the plaintiff to show that she was the daughter of Lyda Runkle, then unmarried, and S. T. Arndt, the deceased. At the time she was born her mother was twenty-five years of age and Arndt was thirty years of age. They lived near Cisco, Ill., and were both employed by and lived in the family of a farmer. They were frequently seen together in company, and the evidence of witnesses who lived in that vicinity at the time, together with the testimony of appellant's mother and all the circumstances, established beyond any question the fact as to the parentage of the appellant. The evidence also showed beyond any question of doubt that in the neighborhood where the deceased resided from 1880 un-

Hopson v. Traction Co.

til the time of his death there was a general rumor and understanding that he was the father of the appellant; also that there was a general understanding to the same effect in the community in Illinois where the deceased formerly lived. But the testimony was very meager as to his recognition of the appellant as his child, and the finding of the trial court that there was no general or notorious recognition by him can not be said to be in conflict with the evidence. The parentage alone is not sufficient to entitle an illegitimate child to share in the father's estate. Under our statute illegitimates are entitled to inherit from the father "whenever they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing." (Gen. Stat. 1915, § 3845.) (*Record v. Ellis,* 97 Kan. 754, 156 Pac. 712.) The appellant had the burden of proof on this issue. "Whether an illegitimate son has been so recognized as such by his father as to constitute a general and notorious recognition of that relation is a question of fact." (*McLean v. McLean,* 92 Kan. 326, syl. ¶ 2, 140 Pac. 847.)

No good purpose would be served by attempting to recite the testimony. The court was not obliged to believe all that every witness said and, as already observed, the testimony produced by appellant upon this issue was far from satisfactory.

The judgment is affirmed.