No. 22,407.

LEONIE V. BROOKS, *Appellee,* v. LEONIE M. FELLOWS, *Appellant,* and CLYDE G. BROOKS, *Appellee.*

### SYLLABUS BY THE COURT.

ILLEGITIMATE CHILD—*Right to Inherit.* An illegitimate child cannot inherit from one whom he claims to have been his father, except on proof of both paternity and recognition.

Appeal from Wabaunsee district court; ROBERT C. HEIZER, judge. Opinion filed January 10, 1920. Affirmed.

*James A. Troutman, George T. McDermott, Robert L. Webb,* all of Topeka, *Robert Stone, E. H. Gamble,* both of Kansas City, Mo., and *H. O. Caster,* of Bartlesville, Okla., for the appellant.

*A. E. Crane,* of Topeka, and *Oscar Schmidt,* of Alma, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff began this action to partition certain real property between herself and her two children, the defendants herein. Each of the parties claims to inherit as an heir at law of Charles C. Brooks, who died in 1891, seized of the land in controversy. The plaintiff alleged that she owned an undivided one-half of the property, and that each of the defendants owned an undivided one-fourth thereof. Defendant Leonie M. Fellows filed an answer and cross petition in which she alleged that she owned an undivided one-fourth thereof, and that the defendant Clyde G. Brooks owned an undivided one-fourth thereof. Defendant Clyde G. Brooks, in his answer to the cross petition of Leonie M. Fellows, alleged that he owned an undivided one-half of the real property, and that the plaintiff owned the other undivided one-half. Judgment was rendered in favor of plaintiff, Leonie V. Brooks, and of defendant Clyde G. Brooks, excluding Leonie M. Fellows from any right or interest in the property. She appeals.

Leonie M. Fellows, the illegitimate child of the plaintiff, was born in Paris, France, on May 23, 1866. Official record of the

birth was made in the ward where it occurred, and on the margin of the record is a purported acknowledgment of Leonie Marie as the natural daughter of Charles Brooks and Victorie .Leonie Thommeret.   That acknowledgment, dated February 25, 1869, was not signed by the parties thereto, but was signed by the mayor of the ward.   After filing on a claim in Wabaunsee county, Charles C. Brooks went to Paris, at a date not disclosed in the evidence abstracted.   He returned to the United States in 1869 and brought with him the plaintiff, and defendant Leonie M. Fellows.   The plaintiff and Charles C. Brooks lived together as husband and wife for a number of years, when she went away with another man by the name of Doty, whom she afterward married, and with whom she lived until his death.   Thereafter, in 1881, the plaintiff and Charles C. Brooks were married.   The evidence concerning the paternity of Leonie M. Fellows was conflicting.   The plaintiff testified positively that Charles C. Brooks was not the father of Leonie M. Fellows; that the plaintiff did not become acquainted with Charles C. Brooks until in 1868; that she never went to the mayor's office in Paris with Charles C. Brooks and never made the acknowledgment as recorded in that office; and that one Bedos, a Frenchman, was the father of Leonie M. Fellows. The court found:

"That the defendant Leonie M. Fellows was not the daughter of Charles C. Brooks, deceased, nor did Charles C. Brooks openly and notoriously recognize Leonie M. Fellows as his daughter in such manner as to constitute her his heir at law, and entitle her to inherit his property."

The finding of the court that Leonie M. Fellows was not the daughter of Charles C. Brooks was amply supported by evidence.   Was it necessary for her to prove that she was his daughter?   To arrive at a proper answer to this question, it is necessary to examine sections 3844 and 3845 of the General Statutes of 1915.   They read:

"Illegitimate children inherit from the mother, and the mother from the children.   (§ 3844.)

"They shall also inherit from the father whenever they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing." (§ 3845.)

The statute makes the fact of paternity of as much im-

portance as the fact of recognition. An illegitimate child cannot inherit from one who is not his father.

Leonie M. Fellows alleged that she was the daughter of Charles C. Brooks. She did not allege that she was his illegitimate child, and that he had recognized her as his daughter. For her to recover, it was necessary for her to prove that she was the daughter of Charles C. Brooks.

In *Arndt v. Arndt*, 101 Kan. 497, 167 Pac. 1055, a case similar to the present one, this court said:

"There was overwhelming testimony produced by the plaintiff to show that she was the daughter of Lyda Runkle, then unmarried, and S. T. Arndt, the deceased." (p. 498.)

In that case the principle now declared was indirectly stated by this court. In *Arndt v. Arndt*, the illegitimate child failed to recover, because she failed to establish that recognition of paternity that is required by the statute.

It is contended that evidence of recognition is evidence of paternity. That is true, but such evidence of paternity is not conclusive. The fact that a child is born in lawful wedlock is not conclusive evidence of paternity. (*Hospital Co. v. Hale,* 64 Kan. 367, 67 Pac. 848: 7 C. J. 941.)

The conclusion reached renders it unnecessary to examine the question of recognition of Leonie M. Fellows by Charles C. Brooks. Even if he did recognize her as his child, she cannot inherit from him unless she was his child.

The judgment is affirmed.