No. 51,909

In the Matter of the Estate of Herman V. Kuhn, Deceased, JOY
LaVERNE KUHN HICKS, RONALD LEE DUNSTON AND EVERETT JAMES
DUNSTON, *Appellants,* v. HOWARD L. KUHN, *Appellee.*

(626 P.2d 794)

Opinion filed March 25, 1981.

*John H. Fields,* of Carson, Fields, Boal, Jeserich & Asner, of Kansas City,
argued the cause and was on the brief for the appellants.

*Felix G. Kancel, Jr.,* of Kansas City, argued the cause, and *Gloria Vusich,* of
Kansas City, was with him on the brief for the appellee.

*Per Curiam:* This is a controversy which developed during the
administration of the estate of an intestate decedent. The dispute
arose when the appellee, Howard L. Kuhn, claimed to be the son
of the decedent, Herman V. Kuhn, and, as such, entitled to a share
of the estate. The claim of parentage was disputed by the ap-
pellants, Joy LaVerne Hicks, daughter of Herman V. Kuhn, and
her two sons. After a full evidentiary hearing, the district court
entered judgment in favor of Howard L. Kuhn, finding him to be
Herman V. Kuhn's son and heir. The trial court made extensive
findings of fact and conclusions of law in support of its judgment.
We have carefully studied the entire record in the present case
and have concluded that there is substantial competent evidence
to support the findings of the district court that Howard L. Kuhn
was the son and heir of Herman V. Kuhn as defined by K.S.A.
59-501.

We find no merit to the contention of the appellants that the
district court erred in receiving into evidence Howard L. Kuhn's
birth certificate issued by the State of Wyoming. The issuance of
the Wyoming birth certificate, when coupled with the evidence
that it had been obtained and paid for by Herman V. Kuhn during
his lifetime, was admissible to show that decedent considered

and recognized Howard L. Kuhn as his son. We further reject the contention of the appellants that the trial court erroneously interpreted and applied K.S.A. 59-501. Under K.S.A. 59-501, the relationship of father and child may be established where the father has notoriously or in writing recognized his paternity of the child. In other words, evidence of recognition by the father is evidence of paternity and may be sufficient to establish paternity. *Brooks v. Fellows,* 106 Kan. 102, 104, 186 Pac. 985 (1920); *Diver v. Fourth National Bank,* 132 Kan. 36, 294 Pac. 924 (1931).

The judgment of the district court is affirmed.